TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Henry Staggs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Henry Staggs,<br><br>   Plaintiff,<br><br>   vs.<br><br>Enhanced Recovery Company, LLC; and DOES 1-10, inclusive,<br><br>   Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Henry Staggs, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Henry Staggs (hereafter "Plaintiff"), is an adult individual residing in Maricopa, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Enhanced Recovery Company, LLC (hereafter "ERC"), is a company with an address of 8014 Bayberry Road, Jacksonville, Florida 32256, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by ERC and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. ERC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to Sallie Mae (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to ERC for collection, or ERC was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. ERC Engages in Harassment and Abusive Tactics

12. Within the last year, ERC contacted Plaintiff in an attempt to collect the Debt.

13. During an initial conversation on or about June 13, 2014, ERC falsely and deceptively told Plaintiff that there had been a problem with an application Plaintiff had filled out.  Plaintiff never submitted any application to ERC.

3

14. After Plaintiff stated that he did not know what ERC was talking about, only then did ERC state that it was calling regarding the Debt. Feeling deceived, Plaintiff ended the conversation by requesting that ERC communicate with him only in writing from that point on.

15. Despite Plaintiff's request, ERC proceeded to call Plaintiff two additional times that same day.

16. On or about July 29, 2014, Plaintiff's counsel informed ERC of Plaintiff's lawsuit and requested that all calls to Plaintiff cease.

17. Rather than ceasing communication with Plaintiff as required by law, on or about August 19, 2014, ERC placed another call to Plaintiff and asked why Plaintiff had retained an attorney.

18. Thereafter, on or about November 14, 2014, ERC placed yet another call to Plaintiff, knowing that he was represented by an attorney.

19. ERC's deceptive collection tactics and harassing calls caused Plaintiff significant inconvenience and concern.

**C. Plaintiff Suffered Actual Damages**

20. Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

4

21. As a direct consequence of the Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

24. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

25. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

26. The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

27. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

28. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

29. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D. Punitive damages; and

    E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  December 18, 2014             LEMBERG LAW, LLC


                                      By:  */s/  Trinette G. Kent*
                                      Trinette G. Kent

                                      Attorney for Plaintiff,
                                      Henry Staggs